

# THE ATTORNEY GENERAL
# OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

August 13, 1971

The Honorable Tom Hanna
Criminal District Attorney
Jefferson County, Texas
Beaumont, Texas   77701

Opinion No. M-931

Re: Whether a Local Option Election
to legalize the sale of "mixed
alcoholic beverages" may be held
in any of the incorporated cities
of Precinct No. 7, Jefferson
County, Texas, within one year
after the local option election
of May 18, 1971, authorized by
Senate Bill 346, 62nd Leg., R.S.
1971, without violating Art. 666-
32 or 666-32 1/2, Vernon's Penal
Code.

Dear Mr. Hanna:

You have requested an opinion on the following question which we
rephrase as follows:

Whether a local option election to legalize the sale of
"mixed alcoholic beverages" may be held in any of the incor-
porated cities of Precinct No. 7, Jefferson County, Texas,
within one year after the local option election of May 18,
1971, authorized by Senate Bill 346, 62nd Leg., R.S., 1971,
without violating Articles 666-32 or 666-32 1/2, Vernon's
Penal Code.

Your recent letter to us indicates that pursuant to Sec. 27 of
Senate Bill 346, 62nd Legislature, Regular Session, 1971[1], and in
compliance with the April 21 & 23, 1971, directives from the Secretary

---

[1]   Sec. 27 of S.B. 346, is a new provision to the
Texas Liquor Control Act, codified by Vernon's
as Art. 666-40 note, Vernon's Penal Code.

of State, State of Texas, that "mixed alcoholic beverage elections", were held in all justice precincts of Jefferson County on May 18, 1971, and that the elections were canvassed as instructed by the Secretary of State, such that the results would reflect the votes in each justice precinct.

The returns of these elections "for and against the sale of mixed alcoholic beverages" as filed by the County Clerk of Jefferson County, Texas, with the Secretary of State reflect that all justice precincts approved of mixed alcoholic beverages with the exception of Justice Precinct No. 7, previously wet for alcoholic beverages, which defeated the issue by six (6) votes. No contest has been filed to any of these elections; therefore, under the provisions of Article 666-40-A, Vernon's Penal Code, it is conclusively presumed that the elections as held and the results thereof as declared are in all respects valid and binding.

The liquor election history for Jefferson County provided by your office reveals that no incorporated city within Precinct No. 7 has ever held a local option election and as a result has never chosen to establish a separate liquor status from its precinct. Therefore, the only political subdivision wet for alcoholic beverages on May 18, 1971, which was authorized to vote upon the mixed beverage issue was the precinct itself.[2]  Consequently, no local option election to date has been held solely to determine the issue of "mixed alcoholic beverages" in any of the incorporated cities within Precinct No. 7.

The question of which political subdivisions can hold a local option election is established by Article XVI, Section 20, Constitution of Texas, and as interpreted in the case of Myers v. Martinez, 320 S.W. 2d 862, 866 (Tex. Civ. App., error ref. n.r.e. 160 Tex. 102, 326 S.W. 171, 1959), wherein the Court of Civil Appeals held:

> ". . .counties, justice's precincts, and incorporated cities or towns should be on equal footing, and that by complying with the provisions of the law either of them might hold an election at any time to either 'legalize' or 'prohibit' the sale of alcoholic beverages, in keeping with the provisions of Sec. 40, Art. 666, Vernon's Ann. Penal Code..." (Emphasis added.) (320 S.W. 2d 862, 866).

---

[2]  Note 1, supra.

One of the limitations on any political subdivision holding a local option election is that an election on the same issue must not be held more often than once a year in the same political subdivision.  Art. 666-32, Vernon's Penal Code.

Another limitation is found in Article 666-32 1/2, Vernon's Penal Code, which relates to payment for the expense of holding an election and provides a penalty for issuance of a petition for an election under certain circumstances.

In view of the fact that no local option election to legalize "mixed alcoholic beverages" has ever been held in any of the incorporated cities of Precinct No. 7, Jefferson County, Texas, and since it appears that neither of the limitations as provided in Articles 666-32 or 666-32 1/2 Vernon's Penal Code, are applicable, it is the opinion of this office that by complying with the provisions of Article 666-32, et seq., a local option election legalizing the sale of "mixed alcoholic beverages" may be held in any of the incorporated cities of Precinct No. 7, Jefferson County, Texas, within one year after the local option election May 18, 1971.[3]

## SUMMARY

A local option election legalizing the sale of mixed alcoholic beverages may be held in any of the incorporated cities of Precinct No. 7, Jefferson County, Texas, within one year after the local option election of May 18, 1971, authorized by Section 27 of Senate Bill 346, 62nd Legislature, Regular Session, 1971, without violating Articles 666-32 or 666-32 1/2 Vernon's Penal Code.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

---

[3] Note 1, supra.

Prepared by Guy C. Fisher
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Lonny Zwiener
Howard Fender
Harold Kennedy
Bob Lattimore

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant